**Donald O. INGRAM, Donald Ingram and Joyce Ingram, Appellants–Plaintiffs,**

v.

**Danny S. KEY, II, Appellee–Defendant.**

**No. 32A05–9110–CV–353.**

Court of Appeals of Indiana, Fifth District.

June 22, 1992.

Thomas E. Hastings, Brown & Hastings, Indianapolis, for appellants-plaintiffs.

Robert W. Wade and James P. Cavanaugh, III, Martin, Wade, Hartley & Hollingsworth, Indianapolis, for appellee-defendant.

SHARPNACK, Judge.

Donald O. Ingram, Donald Ingram and Joyce Ingram (Ingrams) appeal the trial court's award of $10,460.48 for costs entered pursuant to Trial Rule 68.[1]

---

1. Trial Rule 68 provides:
 "At any time more than ten [10] days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against

him for the money or property or to the effect specified in his offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to de-

The Ingrams raise the following restated issue:

Whether T.R. 68 provides for the taxing of costs where the judgment was in the defendant's favor.

We reverse.

This case originated from an accident in which a car driven by Danny S. Key, II (Key) struck Donald O. Ingram, the minor son of Donald and Joyce Ingram. The Ingrams subsequently filed a claim against Key. Prior to trial, Key made an offer of judgment to the Ingrams in the amount of $10,000 which the Ingrams rejected. Following a trial, the jury returned a verdict against the Ingrams and in favor of Key apportioning 90% of the fault in the accident to Donald O. Ingram.

Key filed an amended motion to tax costs pursuant to T.R. 68, requesting an award of costs totalling $10,460.48. The trial court granted Key's motion.

The Ingrams contend that T.R. 68 does not mandate the award of costs where judgment is for the defendant; rather, it only contemplates a situation where the defendant makes an offer which the plaintiff refuses, and the plaintiff subsequently obtains a judgment in its favor, but for an amount less than the offer. The Ingrams point to the following language in T.R. 68: "If *the judgment finally obtained by the offeree* is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

The Ingrams rely upon *Delta Air Lines, Inc. v. August* (1981), 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287. In that case, the Court interpreted identical language contained in FED.R.CIV.P. 68 and concluded that the rule did not apply where the case terminated in a judgment in favor of the defendant. The Court read the "plain language" of the rule to exclude such situations. 450 U.S. at 351, 101 S.Ct. at 1149, 67 L.Ed.2d at 292. The Court contrasted the language actually used, "judgment obtained by the offeree" to possible phrases such as "any judgment" and found that the former would not ordinarily be read to

encompass a judgment in favor of the opposing party. *Id.* The Court reasoned that its reading was supported by other language in the rule. According to the Court, because the rule applied where a defendant offers to have "judgment taken against him" and clearly contemplated such a judgment to be favorable to the plaintiff, it followed that a judgment "obtained by the plaintiff" was also a favorable one. 450 U.S. at 351, 101 S.Ct. at 1150, 67 L.Ed.2d at 292.

The Court also reasoned that its interpretation was consistent with the rule's purpose: to promote the settlement of litigation. *Id.* In explanation, the court pointed to FED.R.CIV.P. 54(D) which established a presumption for the award of costs to the prevailing litigant. The Court reasoned that, because a prevailing plaintiff would presumably receive costs under 54(D), rejection of a settlement offer might cause a loss of benefits otherwise available. *Id.* However, a plaintiff who ultimately loses would expect to be responsible for costs under 54(D) anyway, and therefore, such a plaintiff does not run the risk of suffering additional burdens when it rejects a settlement offer. According to the Court, T.R. 68 provides little incentive to settle such cases. *Id.*

Key, however, points to Justice Rehnquist's dissent in *Delta.* Justice Rehnquist felt that the majority's interpretation of rule 68 was inconsistent with the remainder of the federal rules. In particular, he looked to rule 54(A) which defined "judgment" as a "decree and any order from which an appeal lies." 450 U.S. at 370–371, 101 S.Ct. at 1159, 67 L.Ed.2d at 304. Justice Rehnquist concluded that, where a court renders a judgment in favor of a defendant, the plaintiff unquestionably has obtained an order from which an appeal lies, and hence, has "obtain[ed] a judgment" less favorable than the offer within the meaning of rule 68. 450 U.S. at 371, 101 S.Ct. at 1159, 67 L.Ed.2d at 304. Justice Rehnquist also rejected the majority's policy argument because under such logic,

termine costs. If the judgment finally obtained by the offeree is not more favorable

than the offer, the offeree must pay the costs incurred after the making of the offer...."

defendants who lost a case, but for a lesser amount than their offered judgments, would be in a better position than defendants who prevailed on the merits. *Id.*

Key urges us to accept the reasoning of Justice Rehnquist's dissent over that of the majority. He points to state courts that have addressed this issue and have declined to follow *Delta. Darragh Poultry and Livestock Equipment Company v. Piney Creek Sales, Inc.* (1988), 294 Ark. 427, 743 S.W.2d 804; *Beattie v. Thomas* (1983), 99 Nev. 579, 588, 668 P.2d 268, 274. However, other state courts have opted to follow *Delta. Coldwell Banker Commercial Group, Inc. v. Hegge* (1988), Col.App., 770 P.2d 1297; *Kline v. Publix Supermarkets* (1990), Fla.App., 568 So.2d 929, 930; *See also Jones v. Berezay* (1991), 120 Idaho 332, 815 P.2d 1072 (applying reasoning of *Delta* in case where trial court dismissed claim without prejudice); *Crown Properties v. Financial Security Life Ins. Co.* (1985), 6 Haw.App. 105, 113 n. 2, 712 P.2d 504 (dicta citing *Delta* with approval).

[redacted] We agree with the *Delta* majority. By its terms, T.R. 68 clearly does not apply to situations where the offerer (defendant) has prevailed upon the merits. Furthermore, our reading of T.R. 68 comports with a logical reading of our trial rules in their entirety. This is true because our T.R. 54(D) negates the existence of any trial court discretion with regard to whether to award costs:

> "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs *in accordance with any provision of law;* ...."

(emphasis added) (Compare with FED. R.CIV.P. which provides that costs shall be allowed "unless the court otherwise directs....."). Ind.Code § 34–1–32–1(a) likewise negates the existence of discretion: "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." Therefore, application of T.R. 68 where the defendant has prevailed would be virtually meaningless because the defendant would be entitled to costs under T.R. 54(D) anyway.[2] In fact, the defendant would be entitled to more money under T.R. 54(D) because T.R. 68 only applies to "costs incurred after the making of the offer."

[redacted] Key's contention that the "costs" contemplated under T.R. 68 are more extensive than the "costs" covered under T.R. 54(D) is not persuasive. "Costs" is a term of art with a specific legal meaning, and we must presume that it was used consistently absent evidence of a contrary intent by the drafters. *See Indiana Dept. of State Revenue v. Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415, 419. Key does not point to anything on the face of T.R. 68 to indicate that the drafters intended a more expansive definition of "costs" than its traditional meaning as embodied in T.R. 54(D) and I.C. § 34–1–32–1(a).

We also find Key's reliance on *Darragh Poultry* and *Beattie* to be misplaced. Those cases rely upon the specter of the "anomalous results" referred to in the *Delta* dissent. However, the *Delta* dissent and *Darragh Poultry* both based their fear upon the fact that the award of costs to a prevailing party was discretionary. As noted above, the trial court has no such discretion under T.R. 54(D). Likewise, nonprevailing defendants in Nevada would clearly be in a better position than prevailing defendants if prevailing defendants were excluded from NRCP 68, because that rule expressly includes the award of attorney's fees. Ind.Trial Rule 68 does not provide for the recovery of attorney's fees.

For the reasons contained above, we reverse the trial court's award of $10,460.48 costs.

REVERSED.

MILLER and RUCKER, JJ., concur.

[redacted]

2. However, there would still theoretically be a small number of cases where the trial court would not direct payment of costs under T.R. 54(D) due to the operation of some other provision of law.