**Leezo THOMAS and Margaret Thomas, Plaintiffs,**

v.

**Steve CAUDILL, Defendant.**

**Civ. No. H 90–320.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 31, 1993.

---

Gregory Reising, Gary, IN, for plaintiffs.

Mary Kay Thanos, Crown Point, IN, for defendant.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on the Motion for Taxation of Costs filed by the defendant, Steve Caudill, on June 28, 1993. For the reasons set forth below, the motion is **GRANTED IN PART.**

### Background

On October 12, 1990, the plaintiffs, Leezo and Margaret Thomas, filed this action against the defendant, Steve Caudill. The Thomases contend that Caudill was responsible for the injuries that Leezo Thomas sustained in a truck accident with one of Cau-dill's employees. On September 18, 1992, Caudill filed an offer of judgment for $75,-000.00 pursuant to Federal Rule of Civil Procedure 68. The Thomases did not accept Caudill's offer, and after a four day trial, a jury awarded Leezo Thomas a total of $22,-500.00 in damages. On June 28, 1993, Caudill filed this Motion for Taxation of Costs contending that since the plaintiffs rejected the Rule 68 offer of judgment, he is entitled to recover all costs incurred after the offer.

### Discussion

■ Federal Rule of Civil Procedure 68 states in part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money ... specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer....

See *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 350–51, 101 S.Ct. 1146, 1149–50, 67 L.Ed.2d 287 (1981). Rule 68 is designed to encourage the settlement of private disputes. See *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985); *Delta,* 450 U.S. at 352, 101 S.Ct. at 1150; and *Roberts v. Homelite Division of Textron, Inc.,* 117 F.R.D. 637, 640 (N.D.Ind.1987). Thus, a plaintiff who rejects a Rule 68 settlement offer "will lose some of the benefits of his victory if his recovery is less than the offer." *Delta,* 450 U.S. at 352, 101 S.Ct. at 1150.

■ In *Crossman v. Marcoccio,* 806 F.2d 329 (1st Cir.1986), the court stated:

> This rule [Rule 68], designed to encourage the settlement of private disputes, has long been among the most enigmatic of the Federal Rules of Civil Procedure because it offers imprecise guidance regarding which post-offer costs become the responsibility of the plaintiff.

806 F.2d at 331

In *Moore's Federal Practice*, "costs" under rule 68 refer to "those costs ordinarily awarded under Rule 54(d)" to the prevailing party. *See* 7 *Moore's Federal Practice*, § 68.06(3) at p. 68–21.

However, recent cases have indicated that "costs" under Rule 68 refer to *all* post-offer costs incurred by the defendant. *See Lentomyynti Oy v. Medivac, Inc.,* 997 F.2d 364, 375 (7th Cir.1993) (the Seventh Circuit, in dicta, suggested that Rule 68 "mandates payment of *all* costs."); *Crossman,* 806 F.2d at 333 ("The district court, therefore, correctly ruled that the Crossmans are responsible for all costs...."); and *Denny v. Hinton,* 131 F.R.D. 659, 665 (M.D.N.C.1990) (the defendant was entitled to "recover from the plaintiff all other costs incurred after ... the date of the offer of judgment.").

The Supreme Court has indicated the position in *Moore's Federal Practice* is the correct definition of "costs" and that the costs which a defendant is entitled to recover under Rule 68 are limited to the costs allowable under Federal Rule of Civil Procedure 54(d). In *Marek,* the Supreme Court stated that "Rule 68 does not come with a definition of costs; rather, it incorporates the definition of costs that otherwise applies to the case." 473 U.S. at 11 n. 2; 105 S.Ct. at 3017 n. 2. The only issue presented to the court in *Marek* was whether a Rule 68 offer affected the amount of attorney fees which a prevailing plaintiff could recover in a proceeding under 42 U.S.C. § 1983. Although Justice Brennan disagreed with the holding of the majority on the attorney fee issue, in his dissenting opinion, Justice Brennan stated that " 'costs' as that term is used in the Federal Rules should be interpreted uniformly in accordance with the definition of costs set forth in [28 U.S.C.] § 1920". 473 U.S. at 18; 105 S.Ct. at 3021.

Indiana has adopted Rules 54(d) and 68 as part of its Trial Rules. In *Ingram v. Key,* 594 N.E.2d 477 (Ind.App.1992) *affirmed* 600 N.E.2d 95 (Ind.1992), the appellate court concluded that "costs" have the same meaning in both Trial Rule 54(D) and Trial Rule 68:

[The defendant's] contention that the "costs" contemplated under T.R. 68 are more extensive than the "costs" covered under T.R. 54(D) is not persuasive.

"Costs" is a term of art with a specific legal meaning, and we must presume that it was used consistently absent evidence of a contrary intent by the drafters. (citation omitted) [The defendant] does not point to anything on the face of T.R. 68 to indicate that the drafters intended a more expansive definition of "costs" than its traditional meaning as embodied in T.R. 54(d) ...

594 N.E.2d at 479

Therefore, the Thomas' claim for costs will be reviewed under Rule 54(d).

28 U.S.C. § 1920 enumerates the costs which may be recovered:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the Clerk and Marshal;

(2) Fees of the court's reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

\*        \*        \*        \*        \*        \*

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In *State of Illinois v. Sangamo Construction Company,* 657 F.2d 855 (7th Cir.1981), the court discussed the allowance of costs and stated:

Rule 54(d) of the Federal Rules of Civil Procedure grants the district court, in the absence of other statutory authority, discretionary authority to award costs to the prevailing party. But not all expenses incurred by a party in connection with a lawsuit constitute recoverable costs. Indeed, major expenses such as attorneys' fees, investigatory services, and most travel and subsistence expenses generally are not recoverable "costs." Courts are to award, except in limited exceptional situations, only those expenses specifically recognized by statute. (footnotes and citations omitted)

657 F.2d at 864

*See also Roberts,* 117 F.R.D. at 639.

■ Caudill has included $36,796.00 in attorney fees along with $375.00 in paralegal

fees in his bill of costs. Under *Sangamo Construction Company,* those expenses are not recoverable under Rule 54(d) or Section 1920.

Caudill has included a variety of expenses associated with the travel and lodging of witnesses. Under 28 U.S.C. § 1821(b), a witness only is entitled to "an attendance fee of $40.00 per day". Under Section 1821(c), a witness also is entitled to compensation at a fixed rate for his mileage to court. If the witness has traveled "by common carrier", a "receipt or other evidence of actual cost shall be furnished" before that cost may be awarded. Caudill is not entitled to recover for the nonstatutory expenses incurred in bringing his witnesses to the trial.

Caudill may recover for the photocopy expense ($131.25), subpoena and mileage fees ($191.30), and deposition fees ($50.78). Caudill is entitled to costs in the total amount of $377.33.

For the reasons set forth above, the Motion for Taxation of Costs filed by the defendant, Steve Caudill, on June 14, 1993 is **GRANTED IN PART.** The Clerk is **ORDERED** to tax costs in favor of the defendant, Steve Caudill, in the amount of $377.33.