George **TRENT**, Plaintiff,

v.

**PARKVIEW METALS PRODUCTS,**
**Defendant.**

**No. 93 C 1761.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 16, 1994.

Robert A. Wolf, Robert A. Wolf & Associates, Hinsdale, IL, for plaintiff.

Mark Philip Cohen, Frederic A. Mendelsohn, John Eliot Garber, Schoenberg, Fisher & Newman, Ltd., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On June 28, 1993, defendant Parkview Metal Products, Inc. served plaintiff George Trent with its Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.[1] The Offer read, in relevant part:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant, Parkview Metal Products ("Parkview"), hereby offers to allow judgment to be taken against it and in favor of George Trent, the above-named plaintiff, in this action, in the amount of ONE THOUSAND ($1,000) DOLLARS, together with costs accrued to date.

Trent accepted the Offer of Judgment on July 9, 1993, and both the Offer and Notice of Acceptance were filed with this court on March 29, 1994.

On April 19, Trent filed a Motion to Vacate Judgment, asserting the occurrence of "a material change of circumstance surrounding recoverable 'costs'" under Rule 68. In support of this claim, Trent states that "[s]ince accepting the offer, but prior to entry of judgment, the Courts have clarified the term "costs" and held that attorneys' fees were not costs recoverable under Rule 68. *See Thomas v. Caudill,* 150 F.R.D. 147 (N.D.Ind.1993)." Trent states that a primary reason that he accepted Parkview's Offer of Judgment was that he believed that if he lost, he would be liable for Parkview's attorney's fees as part of costs under Rule 68. However, he maintains, with the "change" articulated in *Thomas,* this is no longer the case, and the "mutual misunderstanding by the parties" with respect to this issue justifies vacating the entry of judgment.

The flaws in Trent's motion are legion. Foremost among them is his assertion that *Thomas* somehow changed the face of existing law. In *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the seminal case regarding Rule 68 Offers of Judgment, the Supreme Court articulated the rule regarding costs and attorney's fees:

> [T]he term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Id.* at 9, 105 S.Ct. at 3016 (citations omitted); *see also Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 721 (N.D.Ill.1988) ("[A]ttor-

---

1. Rule 68 reads, in relevant part:

   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

   Fed.R.Civ.P. 68.

ney's fees are not Rule 68 costs if the underlying statute does not award them as costs."). This rule is clear and well-established; Trent's suggestion that *Thomas* propounded new law with respect to the relationship between costs and attorney's fees under Rule 68 is simply wrong. As a result, there is no basis for vacating our entry of judgment based upon a "material change of circumstances"; indeed, the only "change" which has apparently occurred is that Trent performed (limited) legal research after he accepted the Offer of Judgment, rather than before. This court, however, is not obliged to rescue parties who fail to do their homework.[2] We therefore deny Trent's motion to vacate judgment.[3]

■ In the alternative, Trent requests that we grant him twenty-one days to prepare a petition for attorney's fees "based on the prevailing party status and the judgment entered in his favor."[4] Parkview objects, asserting that the Offer of Judgment satisfied any and all liability, including attorney's fees. While the Offer itself is silent as to attorney's fees,[5] we conclude that the pay-

ment offered did include attorney's fees, and therefore deny Trent's motion.

The purpose of Rule 68 is to promote settlement. *Marek*, 473 U.S. at 11, 105 S.Ct. at 3017. The rule thus allows defendants to make lump-sum offers which represent their total liability, including attorney's fees. *Id.* at 6–7, 105 S.Ct. at 3015–16; *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 401 (8th Cir. 1988). In the present case, the Offer neither specifically included nor excluded attorney's fees. From this fact, Trent would apparently have us presume that attorney's fees were not included in the lump sum. As the Eighth Circuit has noted, however,

> Rule 68 does not require a laundry list of the elements of relief included within an offer or specific mention of attorney fees, and it runs counter to the purpose of Rule 68 to assume that forms of relief not mentioned are not intended to be included within the sum offered. Rule 68 is designed to encourage complete settlement, not simply to resolve the issues of liability and remedies.

**2.** Trent also maintains that the parties suffered from a "mutual mistake of fact" regarding the definition of costs, and he is therefore entitled to relief from judgment. *See, e.g., Mallory v. Eyrich*, 922 F.2d 1273, 1280 (6th Cir.1991) (existence of fraud or mutual factual mistake warrants relief from Rule 68 judgment). As discussed above, however, this is a purely legal issue, and one which was conclusively resolved by the Supreme Court nearly ten years ago. Accordingly, Trent's argument is meritless.

**3.** We also note that in support of his ill-founded motion, Trent misstates the holding of *Thomas*. Trent, relying upon *Thomas*, claims that "the Courts have clarified the term 'costs' and held that attorneys' fees were not costs recoverable under Rule 68." As is evident from the above-quoted portion of *Marek*, however, this assertion is at best extraordinarily simplistic, and at worst utterly erroneous. Whether attorney's fees are recoverable as "costs" depends upon the statute underlying each individual case. *Marek*, 473 U.S. at 9, 105 S.Ct. at 3016. As a result, notwithstanding Trent's blanket assertion to the contrary, attorney's fees are, in fact, recoverable under Rule 68 in a variety of cases. *See Marek*, 473 U.S. at 25–27, 105 S.Ct. at 3025–26 (Brennan, J., dissenting) (identifying various statutes which provide for recovery of attorney's fees as part of costs).

In addition, Trent's explanation of his rationale for accepting the Offer of Judgment evidences a

fundamental misunderstanding of the workings of Rule 68. Trent claims that he accepted the Offer because he was afraid that if he "lost his case" or "[did] not prevail," he would be liable for Parkview's attorney's fees. However, the cost-shifting provision of Rule 68 only comes into play if the plaintiff *prevails*, but the judgment that the plaintiff receives is less favorable that the Offer. If the plaintiff *loses* altogether, then Rule 68 is inapplicable. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981) ("[I]t is clear that [Rule 68] only applies to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable in this case because it was the defendant that obtained the judgment.").

**4.** Although Trent does not direct us to the relevant statute, it is true that the Age Discrimination in Employment Act (ADEA), by incorporating the remedies available under the Fair Labor Standards Act, allows a prevailing plaintiff to recover a reasonable attorney's fee. *See* 29 U.S.C. § 626(b); 29 U.S.C. § 216(b).

**5.** The Offer provides for payment of $1,000 "together with costs accrued to date." Under the ADEA, attorney's fees are not part of costs; accordingly, if they were encompassed by the Offer, it was as part of the $1,000 payment.

*Radecki,* 858 F.2d at 401. Rather than adopt the mechanical and absolutist position implicitly encouraged by Trent, we will look to the circumstances as a whole to determine whether the parties understood the Offer and Acceptance to encompass plaintiff's attorney's fees. *See id.*

After reviewing the history of this case, we conclude that the parties understood the Offer to include plaintiff's attorney's fees. First, the settlement discussions between the parties, which occurred after (and in lieu of) the Offer and Acceptance, clearly did not contemplate that Trent would be entitled to an attorney's fee over and above the settlement offered. The settlement discussions always focused on a payment of $1,120, based upon a lump sum of $1,000 plus the $120 filing fee. Not surprisingly, this amount roughly represents the amount included in the earlier Offer, *i.e.,* a lump sum of $1,000 plus costs accrued thus far. Because the $1,120 figure was raised in the context of settlement discussions, it would almost certainly have included any claim for attorney's fees.[6] The same must therefore be true of the virtually identical amount set forth in the Rule 68 Offer of Judgment.

Second, the Offer itself suggests a lump sum payment designed to satisfy Parkview's total liability, plus costs. As other courts have noted, it is unlikely that a defendant would make a binding offer in an effort to completely resolve a case, but then leave itself exposed to attorney's fees in an amount fixed by the District Court. *See Marek,* 473 U.S. at 7, 105 S.Ct. at 3015 (" '[M]any a defendant would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorney's fees in whatever amount the court might fix on motion of the plaintiff.' ") (quoting *Chesny v. Marek,* 720 F.2d 474, 477 (7th Cir.1983)); *Radecki,* 858 F.2d at 401 (same). This is particularly true in the present case; a $1,000 payment in settlement of an ADEA claim, in which both compensatory and exem-

plary damages are available, amounts to little more than nuisance value. *Cf. Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989).

Finally, Trent requested leave to file a petition for attorney's fees twenty-one days after the Offer and Acceptance were submitted to this court. If Trent truly believed that he was entitled to attorney's fees in addition to the amount specified in the Offer, then he would almost certainly have submitted his petition within the fourteen days specified in Fed.R.Civ.P. 54(d)(2)(B). Instead, he asked for that relief as an alternative to vacating the entry of judgment, provided virtually no analysis of the relevant law regarding the awarding of attorney's fees in his motion and supporting brief, and failed to reply to the arguments made by Parkview in opposition to his motion. In short, Trent's request has the appearance of an afterthought, included solely to provide Trent with additional leverage. Because it is clear to us, however, that both parties recognized that the Offer included Trent's attorney's fees, we refuse to grant Trent the relief he requests. Accordingly, Trent's motion is denied in its entirety. It is so ordered.

---

**6.** The parties were ultimately unable to reach a settlement agreement, and instead submitted to this court their Offer and Acceptance. The only dispute which prevented successful *settlement* was whether the settlement included a waiver of Trent's claims under the Congressional Omnibus Budget Reconciliation Act. Although the parties brought this dispute before Magistrate Judge Rosemond, they never raised the attorney's fee issue, presumably because it was not, in fact, an issue.