**Michael and Becky MISSI,**
**Appellants–Plaintiffs,**

v.

**CCC CUSTOM KITCHENS, INC. d/b/a Cox Cabinet Co., Stephen T. Cox, Inc. a/k/a Cox Cabinet Co. a/k/a Omega Cabinets, and Donald "Gene" Sprigler, Appellees–Defendants.**

No. 10A01–9912–CV–440.

Court of Appeals of Indiana.

July 14, 2000.

Stephen W. Voelker, Voelker Law Office, Jeffersonville, Indiana, Attorney for Appellants.

Larry O. Wilder, R. Scott Lewis, Jeffersonville, Indiana, Attorneys for Appellees.

## OPINION

BROOK, Judge

### Case Summary

Appellants-plaintiffs Michael and Becky Missi ("the Missis") appeal the trial court's entry awarding $132.56 in costs to appellees-defendants Donald Gene Sprigler ("Sprigler"), CCC Custom Kitchens, Inc. d/b/a Cox Cabinet Company, and Stephen T. Cox, Inc. a/k/a Cox Cabinet Co., a/k/a Omega Cabinets (collectively, "Cox"). We affirm in part and reverse and remand in part.

### Issues

The Missis raise two issues for review, which we restate as follows:

I.  whether the trial court erred in awarding Cox and Sprigler certain litigation expenses as "costs" pur-

suant to Indiana Trial Rules 68 and 54(D); and

II. whether the trial court erred in denying the Missis attorney fees pursuant to the Indiana Deceptive Sales Act.

### Facts and Procedural History

In 1997, Sprigler sold the Missis kitchen and bath cabinets for a custom home they were building. On October 15, 1998, the Missis sued Cox and Sprigler, alleging breach of warranty, fraud, breach of contract, and deceptive acts relating to the sale of the cabinets. On September 10, 1999, pursuant to Indiana Trial Rule 68, the defendants tendered a $5,000 offer of judgment, which the Missis rejected. After a trial conducted from October 5, 1999, through October 8, 1999, a jury returned a $2,500 verdict in favor of the Missis as against Sprigler, but found in favor of Cox. On October 12, 1999, the Missis filed a motion for the award of attorney fees and out-of-pocket expenses pursuant to Indiana Code Section 24–5–0.5–4(a).[1] On October 14, 1999, the trial court entered judgment on the jury verdict, ordering that the Missis should recover from Sprigler $2,500, interest at eight percent, and costs.

On October 25, 1999, Cox and Sprigler filed a motion for the award of costs pursuant to Indiana Trial Rules 54(D) and 68. On November 15, 1999, Cox and Sprigler filed an affidavit of attorney fees and an affidavit of costs and expenses, claiming they incurred $1,568.71 in such expenses

after they tendered their offer of judgment.[2] On this date, the trial court also conducted a hearing on all parties' motions for attorney fees and costs. In its ruling on the costs issue, the trial court found in pertinent part as follows:

1. The verdict rendered for the Plaintiff and against the Defendant Gene Sprigler in the amount of $2,500 was a general verdict and was not specified as a judgment pursuant to the Deceptive Consumer Sales Act.

2. The Plaintiff's costs were determined at $234.95 and as a prevailing party they are entitled to receive said costs from the Defendant Sprigler.

3. Attorney fees are not considered as costs pursuant to Ind. [Trial Rule] 54(D) or Ind. [Trial Rule] 68. Deposition costs are not included.

4. The Defendant made an offer of judgment to the Plaintiff more than ten days prior to the judgment received at trial and the judgment by jury verdict was less than the offer of judgment.

5. The Defendant's costs were determined at $367.51 which includes costs of 1(a) through 1(f) on Defendant's Affidavit of Costs and Expenses. There was insufficient evidence presented to the Court to determine whether the cabinet construction exhibits should be included.

6. The Defendants Cox and Sprigler are entitled to costs incurred since the offer of judgment was tendered.

1. In an affidavit accompanying this motion, the Missis' counsel averred he had spent 66 hours on the case at his regular rate of $175 per hour, and that he had incurred "the following out-of-pocket expenses *which are not recoverable costs*": "deposition copy, $84.95, Special Process Server, $70.00; copying expenses for trial, 80.00." (emphasis added.)

2. The Missis' attorneys' itemized list of costs and expenses reads as follows:

| | | |
|---|---|---|
| (a) Westlaw charges | $ | 46.32 |
| (b) Mountings/printing costs for exhibits from Budget Print | $ | 85.05 |
| (c) Camera/film/developing costs for pictures | $ | 48.21 |
| (d) Printing costs for exhibits from Kinko's | $ | 17.93 |
| (e) Copying expenses for trial | $ | 65.00 |
| (f) Special Process Service for subpoenas | $ | 105.00 |
| (g) Deposition/court reporter | $ | 386.20 |
| (h) Cabinet exhibit construction | $ | 500.00 |
| (i) Delivery/pick up of cabinet | $ | 150.00 |
| (j) Base cabinet leg exhibit | $ | 165.00 |
| TOTAL | | $1,568.71 |

7. The Defendants are entitled to $367.51 minus the Plaintiff's costs of $234.95 or a balance of $132.56.

## Discussion and Decision
### Standard of Review

Where, as here, the trial court enters findings and conclusions *sua sponte,* we apply the following standard of review:

Sua sponte findings control only as to the issues they cover, and a general judgment will control as to the issues upon which there are no findings. A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by the evidence. When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law. Findings will only be set aside if they are clearly erroneous.... A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made.

*Bronnenberg v. Estate of Bronnenberg,* 709 N.E.2d 330, 333 (Ind.Ct.App.1999).

## I. Award of Costs under Indiana Trial Rule 68

■ The Missis claim that the trial court erred in taxing litigation expenses as a recoverable cost under Indiana Trial Rule 68. We agree.

Indiana Trial Rule 68 governs offers of judgment and provides in pertinent part as follows:

At any time more than ten [10] days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money ..., with costs then accrued.... *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.*

(Emphasis added.) This court has held that the term "costs" has the same meaning in Indiana Trial Rule 68 as in Indiana Trial Rule 54(D):

"Costs" is a term of art with a specific legal meaning, and we must presume that it was used consistently absent evidence of a contrary intent by the drafters. [The defendant] does not point to anything on the face of T.R. 68 to indicate that the drafters intended a more expansive definition of "costs" than its traditional meaning as embodied in T.R. 54(D) and [Indiana Code Section] 34–1–32–1(a).[3]

*Ingram v. Key,* 594 N.E.2d 477, 479 (Ind. Ct.App.1992), *aff'd,* 600 N.E.2d 95 (Ind. 1992). Indiana Trial Rule 54(D) provides in relevant part, "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any other provision of law...."

Federal Rule of Civil Procedure 68, which is practically identical to its Indiana counterpart, has been described as "among the most enigmatic of the Federal Rules of Civil Procedure because it offers imprecise guidance regarding which post-offer costs become the responsibility of the plaintiff." *Thomas v. Caudill,* 150 F.R.D. 147, 148 (N.D.Ind.1993) (citing *Crossman v. Marcoccio,* 806 F.2d 329, 331 (1st Cir.1986)). " 'Rule 68 does not come with a definition of costs; rather, it incorporates the definition of costs that otherwise applies to the case.' " 150 F.R.D. at 149 (citing *Marek v.*

---

**3.** Currently IND.CODE § 34–52–1–1(a) ("In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law.").

*Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)).

In support of their argument that the award of litigation expenses should be affirmed, Cox and Sprigler cite *Thomas,* wherein the district court held that the defendant whose offer of judgment had been rejected could recover for photocopy expenses, subpoena and mileage fees, and deposition fees. 150 F.R.D. at 150. The *Thomas* court relied in part upon Justice Brennan's dissent in *Marek,* in which he opined that " 'costs' as that term is used in the Federal Rules should be interpreted uniformly in accordance with the definition of costs set forth in [28 U.S.C.] § 1920." 150 F.R.D. at 148 (citing *Marek,* 473 U.S. at 18, 105 S.Ct. 3012, (Brennan, J., dissenting)). 28 U.S.C. § 1920 enumerates among recoverable costs the "[f]ees and disbursements for printing and witnesses," and "[f]ees for exemplification and copies of papers necessarily obtained for use in the case."

■ "A court may award costs only when they are expressly authorized by statute." *Board of County Com'rs of Vanderburgh County v. Farris,* 168 Ind.App. 309, 312, 342 N.E.2d 642, 644 (1976). Courts have no inherent power to assess or award costs to a prevailing party. *Linder v. Ticor Title Ins. Co. of California,* 647 N.E.2d 37, 40 (Ind.Ct.App.1995). The right to recover costs is a matter left entirely to the legislature. *Id.* We have held in an eminent domain action that the term "costs" does *not* include expert witness fees, trial preparation expenses, mail, travel, telephone, and photographic fees, *State v. Holder,* 260 Ind. 336, 338, 295 N.E.2d 799, 801 (1973).[4] We have also held that the costs of deposition transcripts are not taxable as costs. *See, e.g.,*

*Calhoun v. Hammond,* 169 Ind.App. 39, 45–46, 345 N.E.2d 859, 863 (1976), and *Cox v. Ubik,* 424 N.E.2d 127, 131 (Ind.Ct.App. 1981).

Here, the trial court determined the Missis' costs totaled $234.95, although their counsel characterized those costs in his attorney fees affidavit as "out-of-pocket expenses which are not recoverable costs." Likewise, the trial court awarded to Cox and Sprigler $367.51, which included "Westlaw charges," "[m]ountings [and] printing costs for exhibits," "[c]amera[,] film [and] developing costs for pictures," "[p]rinting costs for exhibits," "[c]opying expenses for trial," and a "[s]pecial [p]rocess [s]ervice for subpoenas." The court then subtracted the Missis' costs from Cox and Sprigler's costs, for a net award to Cox and Sprigler of $132.56. Given the foregoing analogous case law and the traditionally narrow interpretation of "costs" by Indiana state courts, we are unpersuaded by Cox and Sprigler's citation to *Thomas v. Caudill,* and we find the court's calculation to be in error. The costs awarded by the trial court to both parties are not the sort of costs contemplated by Trial Rule 54(D) or authorized by Indiana Code Section 34–52–1–1(a). We therefore reverse on this issue and remand to the trial court for further proceedings consistent with this opinion.

## II. Denial of Attorney Fees under Indiana Code Section 24–5–0.5–4

■ The Missis also challenge the trial court's denial of attorney fees. In support of their contention, they cite to the Indiana Deceptive Sales Act,[5] citing in particular Indiana Code Section 24–5–0.5–4(a), which provides in pertinent part:

---

**4.** *But see Shell Oil Co. v. Meyer,* 684 N.E.2d 504, 524–25 (Ind.Ct.App.1997) (holding paralegal fees and expenses for telephone, computer legal research time, postage, mileage, depositions, copies, process, and expert witnesses recoverable as 'attorney's fees and court costs' under IND.CODE §§ 13–23–1–1

through 13–23–15–4, Indiana's Underground Storage Tank Act), *transfer granted and opinion vacated in part on other grounds,* 705 N.E.2d 962 (Ind.1998).

**5.** IND.CODE §§ 24–5–0.5–1 through 24–5–0.5–10.

A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act. The court *may* award reasonable attorney fees to the party that prevails in an action under this subsection....

(Emphasis added.) By the statute's plain language, the award or denial of attorney fees under Indiana Code Section 24–5–0.5–4 is discretionary. *See, e.g., Haltom v. Bruner and Meis, Inc.,* 680 N.E.2d 6, 9 (Ind.Ct.App.1997) ("The term 'may' in a statute ordinarily indicates a permissive condition and discretion.") The Missis have not cited to us, nor has our own research revealed, any authority to the contrary. "A trial court has discretion to grant or deny an attorney fee petition, and we cannot reverse the trial court's decision absent a showing that the fee award was an abuse of discretion." *In re Guardianship of Shaffer,* 711 N.E.2d 37, 41 (Ind.Ct. App.1999). The Missis have failed to demonstrate that the trial court abused its discretion in this case.

Affirmed in part, reversed in part, and remanded.

DARDEN, J., and MATTINGLY, J., concur.