**Rhea K. VAN WINKLE, Appellants–Defendant,**

v.

**Amanda L. NASH and Brian M. Nash, Appellees–Plaintiffs.**

**No. 49A05–0103–CV–109.**

Court of Appeals of Indiana.

Jan. 10, 2002.

Mark R. Smith, Smith Fisher Maas & Bishop, Indianapolis, IN, for Appellant.

James A. Mellowitz, Price Potter Jackson & Mellowitz, Indianapolis, IN, for Appellees.

## OPINION

BAKER, Judge.

Appellant-defendant Rhea K. Van Winkle appeals the trial court's award of prejudgment interest and certain costs to appellees-plaintiffs Amanda L. Nash and Brian M. Nash (the Nashes) with respect to their personal injury claim against Van Winkle. Specifically, Van Winkle claims that IND.CODE §§ 34–51–4–1 to –9 (the Tort Prejudgment Interest Statute) is unconstitutionally void for vagueness because it provides insufficient guidelines for a trial court to exercise its discretion in awarding prejudgment interest. In the alternative, Van Winkle claims that the trial court abused its discretion in awarding prejudgment interest in this case because there were disputed issues of liability and damages. She also claims that the trial court abused its discretion in awarding prejudgment interest on the amount of the judgment rather than on the amount of the Nashes' settlement demand, and claims that the trial court erred in taxing her for certain of the Nashes' litigation expenses.

## FACTS

The facts most favorable to the verdict are that on July 9, 1996, Amanda was driving her Chevrolet Cavalier north on Meridian Street in Indianapolis. At the same time, Van Winkle, who was driving a Mercury Sable, was attempting to turn left onto southbound Meridian Street from Waterbury Road. The two vehicles collided when Van Winkle pulled into the path of Amanda's vehicle.

On March 7, 1997, the Nashes filed a cause of action against Van Winkle claiming damages for Amanda's personal injuries arising from the automobile accident. Brian also asserted a claim for loss of consortium. On July 18, 1997, the Nashes made a written settlement demand for $25,000, the amount of Van Winkle's insurance policy limits. This settlement demand was made pursuant to the Tort Prejudgment Interest Statute, which permits a trial court to award prejudgment interest to the party that prevails at trial, so long as that party has made a timely offer of settlement according to terms specified in the statute. Van Winkle did not agree to the Nashes' settlement demand. One year later, on July 16, 1998, Van Winkle made a written settlement offer to the Nashes for $13,000, which they declined.

A jury trial commenced on September 12, 2000. During the trial, Van Winkle disputed liability for the accident and challenged the reasonableness and necessity of Amanda's medical treatment for the back and neck injuries that she sustained in the collision. On September 13, 2000, the jury rendered a verdict in favor of the Nashes. The jury found Van Winkle 100% at fault for the accident and assessed the Nashes' damages at $82,000.[1]

Thereafter, on September 18, 2000, the Nashes filed a "Bill for Costs" totaling $818.86, which included the filing fee, witness fee, deposition transcription fee, fee for acquiring medical records, expenses for exhibits, and various photocopying expenses. On that same date, the Nashes filed a Motion for Award of Prejudgment Interest based upon the $82,000 award.

---

**1.** However, the jury rendered a verdict for zero dollars with respect to Brian Nash's claim for loss of consortium. Appellant's App. at 5–6.

On October 6, 2000, Van Winkle filed a response to the Nashes' motions. In her response, Van Winkle asserted, among other things, that the Nashes were not entitled to costs other than the filing fee, and that the trial court should not award prejudgment interest to the Nashes because the case involved disputed issues of liability and damages. The trial court subsequently awarded the Nashes the requested costs and prejudgment interest on the $82,000 judgment amount. On February 6, 2001, Van Winkle filed a motion to correct errors. The trial court denied Van Winkle's motion on February 9, 2001. Van Winkle now appeals.

## DISCUSSION AND DECISION

### I. Prejudgment Interest

■■■ Van Winkle first contests the trial court's award of prejudgment interest to the Nashes. Specifically, Van Winkle claims that the Tort Prejudgment Interest Statute is unconstitutionally vague and, therefore, violates his due process rights, because it provides insufficient guidelines for a trial court to exercise its discretion in awarding prejudgment interest. In the alternative, Van Winkle claims that the trial court erred in awarding prejudgment interest because there were disputed issues of liability and damages. She also claims that trial court erred in awarding prejudgment interest on the amount of the judgment rather than on the amount of the Nashes' settlement demand.

We initially note that the Tort Prejudgment Interest Statute, which was enacted in 1988 and recodified in 1998, gives trial courts the discretion to award tort claimants prejudgment interest as a component of compensatory damages. See I.C. § 34-51-4-7. According to the Tort Prejudgment Interest Statute, the trial court may award prejudgment interest only if the parties make a written offer of settlement within the time periods specified by statute, for an amount specified by statute, and according to particular payment terms. See I.C. §§ 34-51-4-5 to -8. The statute also limits the rate of prejudgment interest that a trial court may award to a minimum of six percent and a maximum of ten percent per year. See I.C. § 34-51-4-9.

■■■ Notwithstanding the restrictions that the statute places upon the award of prejudgment interest, Van Winkle asserts that it is unconstitutionally vague because it gives a trial court insufficient guidelines on how to exercise its discretion. We note that Van Winkle first raised the issue that the Tort Prejudgment Interest Statute is unconstitutionally vague in her motion to correct errors. Van Winkle had the opportunity to raise this issue to the trial court in her response to the Nashes' motion for award of prejudgment interest, but did not do so. Appellant's App. at 39-42. A party may not raise an issue for the first time in a motion to correct errors. *In re Paternity of A.R.R.*, 634 N.E.2d 786, 791 (Ind.Ct.App.1994) (holding that questions regarding the constitutionality of a statute must be raised to the trial court before filing a motion to correct errors). Failure to raise an issue before the trial court will result in waiver of that issue. *Chidester v. City of Hobart*, 631 N.E.2d 908, 912-13 (Ind.1994) (holding that a challenge to the constitutionality of a civil statute must be raised to the trial court to preserve appellate review of the issue); *but cf. Morse v. State*, 593 N.E.2d 194, 197 (Ind.1992) (observing that a party may raise the constitutionality of a criminal statute at any stage of the proceeding).

Van Winkle attempts to avoid waiver by asserting that the issue of the statute's constitutionality was "inherent" in the arguments the parties advanced before the trial court. She cites *United States Fidel-*

*ity & Guaranty v. DeFluiter,* 456 N.E.2d 429, 432 (Ind.Ct.App.1983), for the proposition that "as long as the alleged errors are related to, or an inherent part of, the legal concepts argued by either party before the trial court . . . they are preserved for appeal." Appellant's reply brief at 3. According to Van Winkle, the issue of the statute's constitutionality is inherent in the Nashes' request for prejudgment interest because such a request presupposes that the Tort Prejudgment Interest statute is constitutional and, thus, enforceable. Van Winkle also asserts that the constitutional issue was inherent in her argument to the trial court that it is unjust to award prejudgment interest where there are disputed issues of liability and damages.

■ In addressing Van Winkle's contention, we note that, "the crucial factor . . . in determining whether the [appellant] may inject what appears to be a new issue into the appeal is whether [the appellee] had unequivocal notice of the existence of the issue and, therefore, had an opportunity to defend against it." *United Farm Bureau Mut. Ins. Co. v. Lowe,* 583 N.E.2d 164, 168 (Ind.Ct.App.1991), *trans. denied.* We cannot say that the Nashes' request for prejudgment interest or Van Winkle's argument in response to that request put Nash on notice of a constitutional vagueness challenge. Thus, we conclude that Van Winkle has waived this issue for appellate review. *See Yater v. Hancock County Bd. of Health,* 677 N.E.2d 526, 530 (Ind.Ct.App.1997).

Similarly, Van Winkle did not raise her alternative argument—that the trial court erred in awarding prejudgment interest on the judgment amount not the settlement demand amount—until her motion to correct errors. Van Winkle waited until her motion to correct errors to raise this argument even though the Nashes specifically requested prejudgment interest "on the Court's judgment for $82,000" in their motion for award of prejudgment interest. Appellant's App. at 31. This argument is, therefore, waived.

■ Van Winkle also claims that the trial court erred in awarding prejudgment interest to the Nashes because there were disputed issues of liability and damages.[2] Notwithstanding the fact that the Tort Prejudgment Interest Statute contains no exception providing that interest should not be awarded where there are disputed issues, Van Winkle asserts that "the trial court should have construed the statutory scheme to encompass a 'good cause' or 'good faith' component to [its] discretion to award prejudgment interest." Appellant's reply brief at 7.

■ We note that a court may not construe a statute in a manner that would impair the function the legislature intended it to possess. *In re the Visitation of J.P.H.,* 709 N.E.2d 44, 46 (Ind.Ct.App. 1999). Rather, the foremost objective of a court in interpreting a statute is to determine and effect legislative intent. *Id.* The purpose of the Tort Prejudgment Interest Statute is to encourage settlement and to compensate the plaintiff for the lost time value of money. *Cahoon v. Cummings,* 734 N.E.2d 535, 547 (Ind.2000). Construing the statute to preclude an award of prejudgment interest in cases where there are disputed issues would likely discourage settlement as defendants would have incentive to manufacture token disputes of liability or damages in order to avoid pre-

---

**2.** Van Winkle also argues that awarding prejudgment interest under these circumstances unjustly penalizes her for exercising her constitutionally protected right to have a jury decide the issues. This issue is waived as Van Winkle raised it for the first time on appeal. *See Mitchell v. Stevenson,* 677 N.E.2d 551, 558 (Ind.Ct.App.1997), *trans. denied.*

judgment interest. Thus, we reject Van Winkle's claim as contrary to the settlement objective of the statute and hold that the trial court did not abuse its discretion in awarding prejudgment interest to the Nashes.

### II. Costs

■ Van Winkle also contends that the trial court erred in taxing her for certain of the Nashes' litigation expenses. Specifically, Van Winkle claims that the Nashes were only entitled to recover costs for filing fees and witness fees, and that the trial court erred in taxing costs for deposition transcription, the acquisition of medical records, photograph and diagram exhibits, and photocopies.

■ Costs were unknown at common law and may be awarded by a court only when they are authorized by statute. *Ag-Max, Inc. v. Countrymark Coop., Inc.,* 661 N.E.2d 1259, 1261 (Ind.Ct.App.1996). The statutory authority for the recovery of costs is found in IND.CODE § 34–52–1–1 (the General Recovery Statute), which provides: "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." [3] Costs are also addressed in Ind.Trial Rule 54(D), which provides, in relevant part: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law."

■ "The term 'costs' is an accepted legal term of art that has been strictly interpreted to include only filing fees and statutory witness fees." *Midland–Guardian Co. v. United Consumers Club Inc.,* 499 N.E.2d 792, 800 (Ind.Ct.App.1986). "Thus, in the absence of manifest contrary legislative intent, the term 'costs' must be given its accepted meaning which does not include litigation expenses." *Id.* at 801.

In *Calhoun v. Hammond,* 169 Ind.App. 39, 345 N.E.2d 859, (1976), this court specifically addressed the meaning of "costs" in T.R. 54(D) in the context of a negligence action for damages arising from personal injuries. This court concluded, among other things, that the recoverable costs contemplated by the rule did not include the expense incurred in the transcription of depositions. *Id.* at 45–46, 345 N.E.2d at 863. We reached this conclusion on the basis that there was no statutory authority for the taxation of such an expense. *Id.,* 345 N.E.2d at 859; *see also Cox v. Ubik,* 424 N.E.2d 127, 131 (Ind.Ct.App.1981) (holding, on the same grounds, that the term "costs" under T.R. 54(D) does not include deposition transcription expenses).

More recently, in *Missi v. CCC Custom Kitchens,* 731 N.E.2d 1037, 1039–40 (Ind. Ct.App.2000), this court addressed whether the trial court erred in taxing certain litigation expenses as a recoverable cost under Ind.Trial Rule 68. Among other things, those expenses included deposition transcription fees, preparation and printing costs for exhibits,[4] and photocopying expenses. *Id.* at 1040. In reviewing the trial court's award of costs, we first observed that the term "costs" has the same meaning in T.R. 68 as in T.R. 54(D) and the General Recovery Statute.[5] *Id.* at

---

**3.** This statute was previously codified at I.C. § 34–1–32–1.

**4.** Specifically, the costs related to exhibits included expenses for mounting and printing; camera, film and developing costs for pic-

tures; and printing costs. *Missi,* 731 N.E.2d at 1040.

**5.** This court specifically referred to I.C. § 34–1–32–1(a), the predecessor statute to I.C. § 34–52–1–1. *Id.* at 1039.

1039. We then concluded that the trial court erred because the costs it awarded were not of the sort contemplated by T.R. 54(D) and I.C. § 34–1–32–1(a). *Id.* at 1040–41.

Here, the trial court taxed Van Winkle for deposition transcription, the acquisition of medical records, expenses for photo and diagram exhibits, and various photocopying expenses. The goal of the General Recovery Statute is to encourage settlement. Broadly interpreting "costs" to include the foregoing litigation expenses, comports with the statute's policy by encouraging litigants to settle their disputes to avoid being taxed for the litigation expenses of the prevailing party. However, where our legislature has intended broad-based expenses to be recoverable as costs it has expressly provided as such.[6] In this instance, there is no express statutory authority for the taxation of litigation expenses and, thus, we have construed the General Recovery Statute to limit the costs recoverable to filing and witness fees. *See Calhoun,* 169 Ind.App. at 45–46, 345 N.E.2d at 863; *Missi,* 731 N.E.2d at 1039–40. Our longstanding determination that costs should be interpreted to include only filing fees and statutory witness fees unless otherwise provided, has elicited no response from our legislature. Thus, we acknowledge legislative acquiescence. Accordingly, we conclude that the trial court erred in taxing Van Winkle for the Nashes' expenses for deposition transcription, medical records acquisition, photograph and diagram exhibits, and photocopying.

We remand to the trial court for a cost determination consistent with this opinion. This cost determination shall also include the costs for appeal, pursuant to Ind.Appellate Rule 67, with 70% to be taxed to the appellant and 30% to be taxed to the appellee.

Affirmed in part and reversed and remanded in part.

NAJAM, J., and MATTINGLY–MAY, J., concur.

---

6. For example, I.C. § 34–52–3–1, includes the expense of procuring transcripts and certifying the record as recoverable costs. Specifically, that statute provides:

> When in any suit pending in any court in this state it is necessary to procure a transcript of any judgment or proceeding, or exemplification of any record, as evidence in the action, the necessary expense of procuring the transcript or exemplification shall be taxed with the other costs in the cause, and recovered as in other cases.

I.C. § 34–52–3–1. The Nashes assert that I.C. § 34–52–3–1 is applicable to the case at bar and supports the trial court's taxation of costs to Van Winkle for their deposition transcription, medical records acquisition, photo and diagram exhibits, and photocopying. However, we must reject the Nashes' contention inasmuch as I.C. § 34–52–3–1 pertains to costs recoverable on appeal, not at the trial level.