## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2016, 7:59 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

James C. Spencer
Dattilo Law Office
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stanley Freeman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 3, 2016

Court of Appeals Case No.
39A01-1504-CR-148

Appeal from the Jefferson Circuit Court

The Honorable Fred H. Hoying, Judge *Pro Tempore*

Trial Court Cause No.
39C01-1301-FB-89

**May, Judge.**

[1] Stanley Freeman appeals the denial of his motion for change of judge that Freeman filed before his sentencing hearing. We affirm.

## Facts and Procedural History

[2] On November 17, 2014, Freeman agreed to plead guilty to Class B felony conspiracy to deal methamphetamine based on activity in January 2013. The plea agreement provided for a sentence of "TEN (10) YEARS EXECUTED AT THE DEPARTMENT OF CORRECTION WITH FOUR (4) YEARS SUSPENDED. SIX (6) YEARS SHALL BE EXECUTED WITH THE DEFENDANT TO PRESENT EVIDENCE AND ARGUMENT AS TO PLACEMENT AS DIRECT PLACEMENT THROUGH COMMUNITY CORRECTIONS." (App. at 88) (emphasis in original). Judge Darrell Auxier accepted the plea agreement, set a sentencing hearing for January 14, 2015, and ordered preparation of a Pre-Sentencing Investigation report.

[3] On January 13, 2015, Freeman filed a motion to continue sentencing because "Judge Auxier took Defendant's plea under advisement and Defendant would prefer that Judge Auxier perform the sentencing." (*Id.* at 92.) The trial court denied Freeman's motion but reset the sentencing hearing for March 4, 2015.[1] Freeman did not appear at the sentencing hearing on March 4, and a warrant was issued for his arrest. Freeman presented a letter from a hospital indicating

---

[1] It is unclear from the record why, when the hearing was reset, the motion to continue was denied.

he was admitted for chest pains on March 4, and the trial court reset his sentencing hearing for March 18, 2015.

[4] On March 17, 2015, Freeman filed a motion to continue sentencing because his "wife Della Freeman was sent to the Department of Correction and Defendant needs additional time to make necessary preparations for his anticipated sentence, including making arrangements for his son. Also, Defendant has had recent medical procedures with a follow-up scheduled for April 18, 2015[.]" (*Id*. at 95.) The State objected to Freeman's motion, arguing the matter had been pending with the trial court for over two years, the sentencing hearing had been delayed twice, and Freeman "has had four (4) months since he entered his plea to make arrangements and is trying to avoid conclusion of this matter[.]" (*Id*. at 97.) The trial court denied Freeman's motion for continuance.

[5] The trial court held Freeman's sentencing hearing as scheduled on March 18, 2015. Senior Judge Fred H. Hoying presided *pro tempore* over the hearing. Freeman renewed his motion for continuance, and the trial court denied his request. Freeman then stated:

> [Counsel]: . . . Freeman has also indicated to me that his expectation when he entered the plea and it was actually taken by Judge Auxier with the factual basis was that Judge Auxier was going to be doing the sentencing. He's indicated to me that had he known that Judge Auxier was not going to be doing the sentencing that he uh . . . he would not have gone ahead and gone that distance as far as going ahead and pleading guilty, and I think Mr. Freeman at this point as [sic] at least requesting that a different judge hear his sentencing. I'd like for Mr. Freeman to explain further on that.

[Judge Hoying]:    Motion is denied.  Your motion is denied.

[Counsel]:    Okay.  For the record I think that Mr. Freeman would at least like to address that.

[Judge Hoying]:    You represent Mr. Freeman.  The answer is "no". [sic] You may go to the next section.

[Counsel]:    Okay.  Well, Mr. Freeman has indicated to me that he believes that Your Honor is biased towards him and that he believes there's a conflict of interest as far as you handling his sentencing.

[Judge Hoying]:    A conflict of interest?  I don't practice law anywhere.

[Counsel]:    Well, he believes . . . the belief is that . . . that you're biased against him as far as being able to pass sentence.

(Tr. at 20-1.)  The trial court asked if Freeman had filed a "petition" and Freeman indicated he had not.  (*Id.* at 21.)  The trial court proceeded with the sentencing hearing.

[6]    The trial court found Freeman's "health problems" to be mitigating factors and "his lengthy criminal record and numerous times on probation, that probation has not seemed to be effective" to be aggravating factors in determining his sentence.  (*Id.* at 24-5.)  The trial court sentenced Freeman to ten years with five years executed to the Department of Correction, one year executed to Community Corrections, and four years suspended to probation.

## Discussion and Decision

Senior Judge Hoying presided over Freeman's sentencing hearing as a Judge *pro tempore*, the requirements and powers of which are governed by Indiana Trial Rule 63. Freeman asserts Senior Judge Hoying was not permitted to preside over his sentencing pursuant to T.R. 63(A).[2]

> The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part. The unavailability of any such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time.

Specifically Freeman argues Senior Judge Hoying did not provide a court order declaring Judge Auxier unavailable. However, that is not the argument he advanced before the trial court; instead he made a verbal motion for a new

---

[2] On cross appeal, the State argues we should dismiss Freeman's appeal because we do not have jurisdiction based on language in Freeman's plea agreement waiving his right to appeal his sentence. As Freeman is not appealing his sentence, and instead the process by which it was handed down, we reject the State's argument for dismissal.

judge. Thus, that argument is waived from our consideration on appeal. *See Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) (party's failure to raise an issue before the trial court results in waiver of that issue on appeal).

[9] Waiver notwithstanding, Judge Auxier was unavailable to preside over Freeman's sentencing hearing on March 18, 2015, as he was granted "temporary leave" by the Indiana Supreme Court on February 10, 2015. *Appointment of a Judge Pro Tempore in Jefferson Circuit Ct.*, 39S00-1502-MS-65 (Ind. 2015).[3] The same order appointed Senior Judge Fred Hoying as Judge Pro Tempore during Judge Auxier's absence. On April 2, 2015, our Indiana Supreme Court issued an order reinstating Judge Auxier and removing Judge Pro Tempore Hoying effective April 6, 2015. *Id*.

[10] Additionally, the process to request a different judge in a proceeding is governed by Indiana Rule of Criminal Procedure 12(B), which states:

> In felony and misdemeanor cases, the state or defendant may request a change of judge for bias or prejudice. The party shall timely file an affidavit that the judge has a personal bias or prejudice against the state or defendant. The affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be accompanied by a certificate from the attorney of record that the attorney in good faith believes that the historical facts recited in the affidavit are true. The request shall

---

[3] In his reply brief, Freeman argues the State's reference to our Indiana Supreme Court's order granting Judge Auxier's request for temporary leave and the appointment of Senior Judge Hoying as Judge Pro Tempore was outside the record. However, under Ind. Rules of Evidence 201, we may take judicial notice of Indiana court records.

be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

Normally, a request for a change of judge "shall be filed within thirty (30) days of the initial hearing." Ind. R. Crim. Pro. 12(D)(1). However, if the cause for change of judge is discovered after that time, "the applicant may file the application, which shall be verified by the party specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence." Ind. R. Crim. Pro. 12(D)(2). Freeman did not file a request for change of judge with accompanying affidavit, and thus the trial court did not err when it denied his verbal request for a change of judge during his sentencing hearing.

## Conclusion

Freeman's argument the trial court erred when it did not produce an order proving Judge Auxier unavailable under T.R. 63(A) is waived because Freeman did not present that argument before the trial court. Additionally, the trial court did not err when it denied Freeman's request for a change of judge because he did not comply with the requirements of Ind. R. Crim. Pro 12(B). Accordingly, we affirm.

Affirmed.


Najam, J., and Riley, J., concur.