**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**MARK W. MULLICAN**
Mullican Law Firm
Terre Haute, Indiana

**JOHN N. CLAUSSEN**
Claussen Law Firm
Terre Haute, Indiana

APPELLEE PRO SE:

**REBA MICHELE CLINKENBEARD**
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF REBA M. DUNAGAN and JOSEPH DUNAGAN, | ) ) | |
| JOSEPH DUNAGAN, | ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 84A01-1312-DR-541 |
| REBA MICHELE DUNAGAN (CLINKENBEARD), | ) ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael H. Eldred, Special Judge
Cause No. 84D02-0210-DR-8301

**October 28, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MAY, Judge**

Joseph Dunagan (Father) appeals the trial court's order regarding multiple petitions filed by both parties related to child support. He presents multiple issues for our consideration, which we consolidate and restate as:

1. Whether, after finding Father in contempt, the trial court abused its discretion when it ordered him to:

    a. Complete a sentence of sixty days in jail and

    b. File no further pleadings until he paid his child support arrearage;

2. Whether the trial court erred when it did not consider Father's argument that his child support arrearage should be reduced by an amount equal to tax credits to which he alleged he was entitled; and

3. Whether the trial court erred when it did not address all the issues Father raised.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Father and Reba Dunagan (Mother) were married on July 25, 1992, and divorced February 12, 2004. Two children were born of the marriage, K.D., born September 18, 1996, and M.D., born March 14, 2001. Mother was granted primary physical custody of the children; Father exercised parenting time and was ordered to pay child support.

On May 10, 2007, Mother filed a petition to modify the dissolution decree and an affidavit for rule to show cause, asking the trial court to find Father in contempt for his willful disobedience of the child support order. On August 25, 2010, Father filed a

petition to modify the dissolution decree as it pertained to child support. The trial court heard all matters on January 26, 2011, and issued an order finding Father in contempt for failure to pay child support, for taking M.D. out of state without notifying Mother, and for filing frivolous claims against Mother (January 26 Order). Father was ordered to serve ninety days incarcerated, all suspended provided he paid Mother $5,500.00 for unpaid day care expenses and $2000.00 for attorney fees.

On January 3, 2013, Father filed a notice of intent to relocate, a motion for appointment of parenting coordinator, a motion to modify child support regarding insurance, and a motion to modify the dissolution decree regarding day care and after-school care. On January 17, Father filed a motion for contempt regarding the parenting time order. On January 18, Mother responded with an affidavit for rule to show cause, a petition to execute Father's contempt sentence, a motion to dismiss Father's motion for custody modification, and a motion to mandate Father to comply with Indiana law regarding Father's notice of intent to relocate. Father filed two additional contempt petitions on January 28 and February 7. The trial court held a hearing on all pending motions on December 11. It found Father in contempt for failure to pay Mother pursuant to the January 26 Order, ordered him to serve thirty days of his ninety-day suspended sentence, and ordered Father to refrain from filing additional legal claims until he paid the amounts ordered as part of the January 26 Order, with interest.

## DISCUSSION AND DECISION

1.  Contempt

Contempt of court "involves disobedience of a court which undermines the court's authority, justice, and dignity." *Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 60 (Ind. Ct. App. 2002), *trans. denied.* "Willful disobedience of any lawfully entered court order of which the offender had notice is indirect contempt." *Francies v. Francies*, 759 N.E.2d 1106, 1118 (Ind. Ct. App. 2001), *reh'g denied*, *trans. denied.* "Whether a person is in contempt of a court order is a matter left to the trial court's discretion." *Mitchell v. Mitchell*, 785 N.E.2d 1194, 1198 (Ind. Ct. App. 2003). We will reverse only where an abuse of discretion has been shown. *Id.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* When we review a ruling on a petition for contempt, we neither reweigh the evidence nor judge the credibility of witnesses. *Id.* "It lies within the inherent power of the trial court to fashion an appropriate punishment for the disobedience of its order." *Norris v. Pethe*, 833 N.E.2d 1024, 1031 (Ind. Ct. App. 2005).

a.    Imprisonment

In its January 26 Order, the trial court found:

2. The Court finds that [Father] is in contempt of Court for his failure and refusal to pay work-related day care as ordered previously by this Court. Evidence showed that [Father] should have paid $5,500.00 to [Mother] for work-related day care since the August 28, 2006 Order and he failed to pay any payment thereon. Further, the Court finds that [Father] filed a frivolous Petition for custody only to withdraw it within seventy-two (72) hours of the date of the hearing hereon which required [Mother] to incur a substantial amount of attorney fees [Mother] had to incur in prosecuting her Rule to Show Cause.

4

\* \* \* \* \*

4. The Court sentences [Father] to ninety (90) days in the Putnam County Jail and said sentence shall be suspended conditioned upon the following:

    a.      Payment to [Mother] in the amount of $5,500.00 for the day care expenses he was originally ordered to pay; and

    b.      $2,000.00 in attorney fees to attorney Eric M. Abel.

    c.      [Mother] shall have a judgment against [Father] in the amount of $5,500.00 until said amount is paid in full. Attorney Eric M. Abel shall have a judgment against [Father] until the amount of $2,000.00 is paid in full to Mr. Abel.

(App. at 49-50.) Father did not appeal that order nor did he appeal the order to serve time in jail based on that contempt. Almost three years later, on December 11, 2013, the trial court ordered Father to serve thirty days of the suspended sentence that was part of the January 26 Order.

Father now attempts to appeal the order that he serve time in jail for failure to pay Mother the money he was ordered to pay her as part of the January 26 Order. We decline to address that issue, as Father did not timely appeal the January 26 Order. *See* Ind. Appellate Rule 9(A)(1) (notice of appeal must be filed within thirty days of the trial court's order).

### b.    No Further Pleadings Pending Payment of Judgments

Father appeals the trial court's order that

no further pleadings may be filed by [Father] or the motion will be subject to summary dismissal regarding custody with the only exception being a motion filed that the child(ren)'s health and welfare is in imminent danger and an affidavit to that effect is attached, said affiant being an independent third party.

5

(App. at 42.) Father claims the order violates the open courts clause of the Indiana Constitution, which states, in relevant part, "[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Article 1, Section 12. The order did not violate that provision.

Our Indiana Supreme Court has long held, "[i]njunctive relief may be granted when the plaintiff's production of litigation amounts to an abuse of process." *Huber v. Franklin Cnty. Cmty. Sch. Corp. Bd. of Trs*, 507 N.E.2d 233, 238 (Ind. 1987). In the January 26 Order, the trial court found Father in contempt for filing frivolous claims and ordered him to pay Mother's attorney fees. In the order limiting Father's filings, the trial court noted "[Father] has filed volumes of pleadings by his many attorneys and with four Judges in this matter." (App. at 42.) We additionally note the Chronological Case Summary is over forty pages long. Father does not dispute the trial court's finding regarding his filings, but argues the penalty is unjust. The trial court did not abuse its discretion when it ordered Father to refrain from filing further pleadings. *See Zavodnik v. Harper*, 2014 EL 4852787, *slip op. at 7* (Ind. September 30, 2014) (requiring abusive litigant to file affidavit regarding veracity of claim with each new claim filed).

2.    Father's Argument Regarding Tax Credit

The parties' divorce decree provided Father could claim one of the children as a tax exemption every year, provided he was up to date with his child support payments on

December 31 of the tax year. During the December 11, 2013, hearing, Father attempted to introduce evidence Mother would not sign the tax forms so Father could claim one of the children as a tax exemption. Father argued the exemptions, had he been given them, created a refund he would have used to pay any child support arrearage. Mother objected, claiming all evidence regarding tax years prior to January 26 Order, was *res judicata* because the trial court had already entered a judgment against Father for non-payment of certain child-related expenses. The trial sustained her objection, but let Father present evidence of his possible exemptions from tax years 2011 through 2014. Father argues the trial court abused its discretion because the issue was not the subject of past litigation. It did not.

We review decisions concerning admission of evidence for an abuse of discretion. *Walker v. Cuppett*, 808 N.E.2d 85, 92 (Ind. Ct. App. 2004). An abuse of discretion occurs if the decision was clearly erroneous and against the logic and effect of the facts and circumstances before the court. *Id*. The January 26 Order indicated that, at that time, Father owed Mother $5,500 for unpaid day care expenses. Father's ability to pay those expenses was presumably at issue as part of that action. As the time for an appeal of the January 26 Order has long since passed, we conclude the trial court did not abuse its discretion when it sustained Mother's objection to Father's presentation of evidence regarding tax returns prior to 2011 because the issue of his ability to pay Mother prior to January 26, 2011, was *res judicata*. *See Helms v. Rudicel*, 986 N.E.2d 302, 308 (Ind. Ct.

7

App. 2013) (res judicata applies when "all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action"), *trans. denied*.

3.      Issues Raised by Father

Father argues the trial court erred when it did not address two contempt motions he filed before the hearing on December 11, 2013. During the hearing, the trial court asked the parties if there were any other pending motions for it to consider. Father indicated he wished to withdraw a motion regarding a change in the children's insurance, and he briefly argued his position regarding the payment of day care at the time of the hearing. Father did not remind the trial court that he had pending contempt petitions. As Father did not bring those issues to the trial court's attention, he cannot now claim the trial court erred when it did not address them. *See Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) (party's failure to raise an issue before the trial court results in waiver of that issue on appeal).

**CONCLUSION**

The issue of whether the trial court abused its discretion when it sentenced Father to imprisonment for contempt is not now available to Father because it was ripe for appeal in February 2011. The trial court did not abuse its discretion when it ordered Father not to file additional claims, as Father had previously brought frivolous claims against Mother. Nor did it abuse its discretion when it sustained Mother's objection to pre-2011 tax evidence, as the amount of Father's arrearage was decided in the 2011

8

order.  Finally, Father has waived his allegation the trial court should have ruled on two of his contempt petitions because he did not present that issue to the trial court. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.