**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 14 2014, 10:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. MCGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINE REDELMAN**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: | ) | |
| | ) | |
| | ) | |
| K.B., Minor Child, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| A.B., Mother, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 13A04-1405-JT-206 |
| | ) | |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CRAWFORD CIRCUIT COURT
The Honorable K. Lynn Lopp, Judge
Cause No. 13C01-1308-JT-021

**NOVEMBER 14, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

A.B. (Mother) appeals the involuntary termination of her parental rights to K.B. (Child). As DCS presented sufficient evidence that the conditions under which Child was removed from Mother's care would not be remedied, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mother gave birth to Child on August 30, 2012. Child was born addicted to controlled substances Mother ingested during her pregnancy, Child was suffering from withdrawal and seizures resulting therefrom, and Child's lungs were underdeveloped. On September 10, DCS filed a petition to declare Child a Child in Need of Services (CHINS). On October 10, Mother was arrested on a bench warrant for an outstanding criminal matter in Kentucky.

At a fact-finding hearing on October 11, Mother admitted Child was a CHINS. The trial court adjudicated Child as a CHINS on October 26. As part of the dispositional order filed December 10, the trial court ordered Mother to "participate in any programs during her incarceration and once released [participate in] an Inpatient Drug Treatment Program." (Ex. Vol. at 130.) On December 19, Mother was released from incarceration after pleading guilty to complicity theft by unlawful taking.

Mother did not participate in the required inpatient drug rehabilitation program after her release. She contacted the Family Case Manager (FCM) once, but the FCM was unable to call her back because Mother's telephone number had been disconnected. Mother admitted she used drugs after her release from incarceration and was homeless. On March 7, 2013, the trial court found Mother was not in compliance with the requirements of the dispositional order and ordered Child's permanency plan be changed to a concurrent plan of

2

reunification or adoption. Mother was arrested again on May 16 for a probation violation. On June 6, the trial court found, "Mother has not contacted the DCS for several months and has not inquired about [Child]. Mother's whereabouts are unknown at this time." *Id.* at 47.

On August 12, Mother pled guilty to two counts of possession of a controlled substance and one count of escape; on August 14, she pled guilty to complicity theft by unlawful taking and was sentenced to an aggregate sentence of six years. On August 29, DCS filed a petition for the termination of Mother's parental rights. On March 14, 2014, the trial court held an evidentiary hearing at which Mother appeared telephonically. On April 10, the trial court terminated Mother's parental rights.

## DISCUSSION AND DECISION

We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

When, as here, a judgment contains specific findings of fact and conclusions thereon, we apply a two-tiered standard of review. *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). We determine first whether the evidence supports the

3

findings and second whether the findings support the judgment. *Id*. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). If the evidence and inferences support the juvenile court's decision, we must affirm. *In re L.S.*, 717 N.E.2d at 208.

"The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A trial court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id*. at 836.

To terminate a parent-child relationship, the State must allege and prove:

> (A) that one (1) of the following is true:
> > (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
> > (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
> > (iii) The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or

4

a delinquent child;
(B) that one (1) of the following is true:
(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;
(C) that termination is in the best interests of the child; and
(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

Mother argues DCS did not give her ample time to abide by the amended case plan filed on March 28, 2013, and therefore, Mother contends, DCS did not present sufficient evidence that the conditions under which Child was removed from her care would not be remedied as required by Ind. Code § 31-35-2-4(b)(2)(B)(ii). Mother did not present that argument to the trial court, so she has waived that allegation of error. *See Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) (party's failure to raise an issue before the trial court results in waiver of that issue on appeal).

Waiver notwithstanding, Mother has not demonstrated that the time frame she was given to comply with the amended case plan was insufficient. Mother likens the facts of her case to those in *In re M.W.*, 942 N.E.2d 154 (Ind. Ct. App. 2011), *trans. denied*, where we

5

overturned a termination of parental rights order because M.W.'s mother was given only eighteen days to comply with an amended case plan. *In re M.W.* is distinguishable. There, Mother had a stroke, and after the stroke she had made progress towards obtaining stability to regain custody of M.W.

In the case before us, no health problem prevented Mother from complying with the case plan; instead she was incarcerated for crimes she committed while pregnant with Child and after Child was born. During the six weeks between the date of the amended case plan and Mother's incarceration, Mother made no attempt to contact DCS or engage in services. Mother had made no progress towards stability; when asked where she would live after she was released from incarceration, Mother indicated she would live with a fiancé, Edward, whom she had never mentioned prior to the termination hearing. DCS presented sufficient evidence the conditions under which Child was removed from Mother's care would not be remedied.[1] Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

---

[1] Mother also argues the trial court erroneously considered and concluded the continuation of the parent-child relationship posed a threat to Child because DCS did not allege such in its petition to terminate Mother's parental rights. Because Ind. Code § 31-35-2-4(b)(2)(B) is written in the disjunctive, the State needs to prove only one of the three requirements. *In re J.W.*, 779 N.E.2d 954, 962 (Ind. Ct. App. 2002), *trans. denied sub nom. Weldishofer v. Dearborn Cnty. Div. of Family & Children*, 792 N.E.2d 40 (Ind. 2003). As the evidence supported the court's determination the circumstances causing Child's removal would not be remedied, we need not determine whether the evidence supports the remaining portions of the statute. *Id.*