## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR E.A., SR., & N.A.

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Miller
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of:

E.A., Jr., Child in Need of Services,

And

E.A., Sr. (Father) and N.A. (Stepmother),

*Appellants-Respondents,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

February 20, 2015

Court of Appeals Case No. 20A03-1410-JC-360

Appeal from the Elkhart Circuit Court; The Honorable Terry C. Shewmaker, Judge; The Honorable Deborah A. Domine, Magistrate 20C01-1408-JC-95

## May, Judge.

[1] E.A., Sr. (Father) and N.A. (Stepmother) (collectively Parents) appeal the adjudication of E.A., Jr. (Child) as a child in need of services (CHINS). As the trial court did not make adequate findings regarding its reasons Child was a CHINS, we remand.

## Facts and Procedural History

[2] Child is the son of Father and P.H. (Mother).[1] Child was born on October 13, 1998. On August 5, 2014, the Department of Child Services (DCS) received a report that Child had touched his younger sibling in an inappropriate manner. DCS and police interviewed Child, Parents, and Child's five siblings. Child admitted to touching his younger sibling inappropriately. Father told police Child was not welcome in Father's home, there was no other place for Child to go, and Father feared for the safety of Child's siblings. DCS took custody of Child the next day.

[3] On August 7, DCS filed a petition to adjudicate Child a CHINS. Father admitted Child was a CHINS,[2] DCS presented evidence regarding Child's inappropriate behavior with his sibling, and Child was adjudicated as such. On September 8, the court conducted a disposition hearing during which it ordered

---

[1] Mother does not participate in this appeal.

[2] Father's admission alone is not sufficient to declare Child a CHINS. *See In re K.D.*, 962 N.E.2d 1249, 1256 (Ind. 2012) (parent's admission that child is a CHINS is not always sufficient to adjudicate child as such).

Parents and Child to participate in a variety of services.  The order was approved on October 3, 2014.

# Discussion and Decision

Pursuant to Ind. Code § 31-34-1-1, a child under eighteen years of age is a CHINS if:

> (1) the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; and
>
> (2) the child needs care, treatment or rehabilitation that the child:
>> (A) is not receiving; and
>>
>> (B) is unlikely to be provided or accepted without the coercive intervention of the court.

DCS must prove those elements by a preponderance of the evidence.  Ind. Code § 31-34-12-3.

Parents assert the findings in the trial court's dispositional order were inadequate.  Ind. Code § 31-34-19-10 provides:

> (a) The juvenile court shall accompany the court's dispositional decree with written findings and conclusions upon the record concerning the following:
>> (1) The needs of the child for care, treatment, rehabilitation, or placement.
>>
>> (2) The need for participation by the parent, guardian, or custodian in the plan of care for the child.
>>
>> (3) Efforts made, if the child is a child in need of services, to:
>>> (A) prevent the child's removal from; or

> > (B) reunite the child with;
>
> > the child's parent, guardian, or custodian in accordance with federal law.
>
> > (4) Family services that were offered and provided to:
>
> > > (A) a child in need of services; or
>
> > > (B) the child's parent, guardian, or custodian;
>
> > in accordance with federal law.
>
> > (5) The court's reasons for disposition.
>
> (b) The juvenile court may incorporate a finding or conclusion from a predispositional report as a written finding or conclusion upon the record in the court's dispositional decree.

[7]    The trial court found:

> [Child] having been found to be a CHINS, the Court, after reviewing the Predispositional report and hearing statements and evidence presented to the Court regarding the disposition of this cause, now finds:
>
> The needs of [Child] for care, treatment, or rehabilitation are a safe, stable environment free from abuse and neglect and caregivers that are able to provide for [Child's] needs.
>
> Participation by the parent, guardian or custodian in the plan of care for [Child] is necessary to be able to provide for [Child's] needs for a safe, stable environment free from abuse and neglect and be caregivers that are able to provide for [Child's] needs.
>
> In order to provide for [Child's] needs, [Parents] need to cooperate with DCS and all services offered in a consistent manner and address sexual abuse and supervision issues.
>
> The Court makes the following findings of fact and reasons for the Court's deposition:
>
> The Court has reviewed the factors set forth under I.C. 31-34-19-6 and finds the dispositional orders entered herein are consistent with the factors listed. Specifically, the disposition is the least restrictive and most family like setting under the circumstances of this case; [Child] is placed close to [Parents'] home; it least interferes with family autonomy; is least disruptive of family life; imposes the least restraint

> on the freedom of [Child], and [Parents]; and it provides an opportunity for participation by [Parents] in [Child's] life.
>
> The legal settlement of [Child] is South Bend Community Schools, and DCS shall provide notice required by I.C. 20-26-11-9.
>
> Reasonable efforts were made to prevent removal of [Child] from [Parents], guardian, or custodian. Family services offered or provided: on-going case management, therapeutic foster care, and referrals for services.

[8]    (App. at 8-9.)

[9]    We agree that the findings are unclear, but we do not believe such vagueness warrants reversal. We noted in *In re J.Q.* that "an absence of clear findings of fact[]in a CHINS proceeding may be of such import that they deprive a parent of procedural due process with respect to a potential subsequent termination of parental rights." 836 N.E.2d 961, 967 (Ind. Ct. App. 2005).[3] In the instant case, the juvenile court did not specifically state the reason for Child's removal, or the events leading up to Child's removal, which not only would hinder future courts in the event of further proceedings, but also makes it difficult for an appellate court to determine the appropriateness of the adjudication. Therefore, we remand to the trial court for more specific findings regarding its reason for the adjudication of Child as a CHINS.[4]

---

[3] In *In re J.Q.*, reversal was appropriate because the juvenile court committed a "procedural error in admitting J.Q.'s statements[.]" *In re J.Q.*, 836 N.E.2d at 967. As procedural error is not raised in this case, we need not reverse.

[4] Parents also argue the court erred when it ordered Father to pay $46.00 per week for Child's support because Father is allegedly "on disability." (Br. of Appellant at 17.) Father did not raise this issue before the trial court, and thus it is waived on appeal. *See Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind. Ct. App. 2002) (party's failure to raise an issue before the trial court results in waiver of that issue on appeal).

Barnes, J., and Pyle, J., concur.